IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LBUBS 2004-C2 CRANBERRY RETAIL GP, LLC** trading as **LBUBS 2004-C2 CRANBERRY RETAIL LIMITED PARTNERSHIP,**<br>Plaintiff,<br><br>v<br><br>**HOWARD MISLE and HELEN P. MISLE,**<br>Defendants. | 2:14-cv-1142 |

## ORDER OF COURT

Now pending is a MOTION PURSUANT TO FRCP4(e) FOR LEAVE TO SERVE BY PUBLICATION (ECF No. 12). However, before addressing the merits of the motion, the Court must satisfy itself that it has subject-matter jurisdiction over this case.

A federal court has a non-delegable duty to ensure that it may exercise subject-matter jurisdiction, even if jurisdiction is not contested by the parties. *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256-57 (3d Cir. 1977) (explaining that courts should narrowly construe diversity jurisdiction based on considerations of judicial economy and federalism/comity with the state courts). There must be complete diversity of citizenship of adversarial parties. *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010).

The Supreme Court has steadfastly refused to extend the corporate citizenship analysis to other forms of business entities in the diversity jurisdiction context. *See Carden v. Arkoma Assoc.,* 494 U.S. 185, 189 (1990) (tracing development of this doctrine). In *Zambelli*, the Court of Appeals for the Third Circuit held:

> the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC.

592 F.3d at 419-20 (citations omitted).

The Complaint filed by Plaintiff LBUBS 2004-C2 Cranberry Retail GP, LLC t/a LBUBS 2004-C2 Cranberry Retail Limited Partnership ("LBUBS") does not plead sufficient facts to demonstrate complete diversity of citizenship. Thus, the Court is unable to determine whether jurisdiction is proper over this case, in accordance with the principles set forth above.

The Complaint pleads that Defendant Howard Misle is a citizen of California and that Defendant Helen Misle is a citizen of Nebraska. The Complaint pleads that Plaintiff LBUBS is a Delaware limited partnership, whose general partner is a Delaware LLC. The Complaint pleads that none of the limited or general partners of Plaintiff are citizens of Nebraska. However, it fails to plead whether or not any of the limited or general partners of Plaintiff are citizens of California. The Complaint also fails to plead the citizenship of all of the members of the LLC.

AND NOW, this 7th day of November, 2014, it is hereby ORDERED that on or before November 21, 2014, Plaintiff LBUBS shall file a Declaration which fully establishes the Court's subject-matter jurisdiction regarding this action.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Christopher Schueller, Esquire**
Email: christopher.schueller@bipc.com

**Brian P. Fagan, Esquire**
Email: bfagan@metzlewis.com
**Justin M. Tuskan, Esquire**
Email: jtuskan@metzlewis.com